**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RUSSELL SHOWERS,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:20-1868** |
| **v.** | : | **(JUDGE MANNION)** |
| **DR. COURTNEY RODGERS, et al.,:** | | |
| **Defendants** | : | |

**MEMORANDUM**

## I. Background

Plaintiff, Russell Showers, an inmate confined in the Mahanoy State Correctional Institution, Frackville ("SCI-Mahanoy"), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). On April 5, 2021, Plaintiff filed an amended complaint, (Doc. 33) and on May 3, 2021, Plaintiff filed a supplemental complaint. (Doc. 39). The named Defendants are Correct Care Solutions and the following SCI-Mahanoy employees: Dr. Courtney Rodgers, Medical Director/Supervising Physician; John Steinhart, Health Care Administrator; John O'Brien, Physician Assistant; and Registered Nurses Kim Minarchick, Brenda Houser, and Patricia Howell. Id. Plaintiff seeks compensatory and punitive

1

damages for Defendants' alleged deliberate indifference to Plaintiff's

serious back pain. Id.

By Memorandum and Order dated March 17, 2022, the Court

granted Defendants' motions to dismiss for Plaintiff's failure to exhaustion

administrative remedies prior to filing the instant action. (Docs. 58, 59).

Presently before the Court is Plaintiff's motion for reconsideration of

this Court's March 17, 2022 Memorandum and Order, granting

Defendants' motions to dismiss for Plaintiff's failure to exhaust and closing

the above captioned action. (Doc. 62). For the reasons that follow, the

Court will deny the Plaintiff's motion for reconsideration.


## II.  **Discussion**

A motion for reconsideration is a device of limited utility, which may

"not be used as a means to reargue matters already argued and disposed

of or as an attempt to relitigate a point of disagreement between the Court

and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606

(M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-

4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court

may alter or amend its judgment only upon a showing from the movant of

one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence ... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the [c]ourt by the parties or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." Gray v. Wakefield, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments

3

considered by the court before rendering its original decision fails to carry the moving party's burden'."). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of this Court's Memorandum and Order reveals that the Court granted Defendants' motions to dismiss Plaintiff's complaint for failure to exhaust administrative remedies prior to filing the instant action based on the following:

> Defendants have properly raised the matter of exhaustion of administrative remedies with respect to Plaintiff's claims. Plaintiff's grievance history reveals that while Plaintiff began the administrative process on May 8, 2020, prior to filing the instant action, he failed to wait for the Final Appeal Decision on November 18, 2020 and, instead, filed the instant action on October 9, 2020, prior to fully exhausting his administrative remedies regarding his claims. Plaintiff does not dispute this. In fact, Plaintiff states in his Supplemental Complaint that "[s]ince October, when this action was brought by Plaintiff, new claims arised (sic) and Plaintiff had to exhaust his administrative remedies pursuant to the PLRA before raising the allegations within this complaint." (Doc. 39 at 1). Consequently, Defendants' move to dismiss Plaintiff's complaint for Plaintiff's admitted failure to exhaust his administrative remedies as required under the PLRA. Additionally, in his brief in opposition, Plaintiff attempts to demonstrate that he exhausted administrative remedies, specifically, with respect to Defendant O'Brien. (Doc. 52). Again, unfortunately, Plaintiff's attempt to exhaust did not

4

occur prior to filing the instant action, in that his initial grievance directed to Defendant was filed on December 29, 2020, more than two months after the October 9, 2020 filing of the instant action. Id. Thus, given his submissions and admission, it is clear that the grievance process was not complete when Plaintiff filed this action and, therefore, dismissal for failure to exhaust is warranted. The complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

In Spruill, our Court of Appeals held that congressional policy objectives were best served by interpreting the statutory "exhaustion requirement to include a procedural default component." The court further ruled that procedural default under §1997e(a) is governed by the applicable prison grievance system, provided that the "prison grievance system's procedural requirements [are] not imposed in a way that offends the Federal Constitution or the federal policy embodied in §1997e(a)." Id. at 231, 232. [ ] In this case, Plaintiff's grievance history reveals that he failed to exhaust any administrative remedy prior to filing the instant action. Thus, Plaintiff has sustained a procedural default.

Spruill cited with approval the Seventh Circuit decision in Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). Spruill, 372 F.3d at 231. In Pozo, the Seventh Circuit ruled that "to exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025 (emphasis added). Thus, Plaintiff is now foreclosed from litigating his claims in this Court.

In Spruill, the Third Circuit found that a procedural default component to the exhaustion requirement served the following congressional objectives: "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of administrative record, and perhaps settlements, within the inmate grievance process; and (3) to

5

reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." 372 F.3d at 230. In Pusey v. Belanger, No. Civ. 02-351, 2004 WL 2075472 at *2-3 (D. Del. Sept. 14, 2004), the court applied Spruill to dismiss an inmate's action for failure to timely pursue an administrative remedy over the inmate's objection that he did not believe the administrative remedy program operating in Delaware covered his grievance. In Berry v. Kerik, 366 F.3d 85, 86-88 (2d Cir. 2004), the court affirmed the dismissal of an inmate's action with prejudice where the inmate had failed to offer appropriate justification for the failure to timely pursue administrative grievances. In Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004), the court embraced the holding in Pozo, stating that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted." These precedents support this Court's decision to dismiss the complaint for failure to exhaust administrative remedies.

(Doc. 58 at 11-14).

Plaintiff now files a motion for reconsideration, claiming that "this Court overlooked or was misplaced when it ruled that Plaintiff failed to exhaust his administrative remedies per the PLRA." (Doc. 63 at 3). He alleges that "sometime after Plaintiff initiated this action there was another transaction that occurred with medical staff that included a physician assistant that was not in his amended complaint but did involve the same medical claims raised in it; so Plaintiff immediately filed a grievance that was eventually not responded to within the 15 day period per the DOC Policy; thereafter, Plaintiff filed a motion to supplement his amended

6

complaint with a new Defendant and claims that occurred after the amended complaint was filed." (Doc. 63 at 2).

Specifically, Plaintiff states that "at the time Plaintiff filed the supplemental complaint on May 3, 2021, he had already exhausted his administrative remedies because the DOC had failed to respond to his grievance within the 15 days per their own policy" and "Plaintiff filed his initial grievance on January 5, 2021, he received an initial response on 1/27/2021 and subsequently filed an appeal which was remanded on March 16, 2021; however, Plaintiff did not receive a remanded initial response until April 15, 2021, which was over the 15 days required by DOC policy, DC-Adm 804." Id. at 4. Thus, Plaintiff concludes that "at this stage Plaintiff has exhausted the PLRA requirement under Shifflett v. Korszniak, 934 F.3d 356 (3d Cir. 2019)(as soon as a prison fails to respond to a properly submitted grievance or appeal within the time limits proscribed by its own policies, it had made its administrative remedies unavailable, and the prisoner has fully discharged the PLRA exhaustion requirements." Id.

While Plaintiff has cited the proper holding for Shifflett as it applies to his grievance filed on January 5, 2021, Plaintiff fails to recognize that

his original complaint was filed on October 9, 2020 and any administrative remedy or appeal filed after that date does not remedy Plaintiff's failure to exhaust **before** bringing a civil rights action concerning prison conditions in federal court. See 42 U.S.C. §1997e(a); Ross v. Blake, 578 U.S. 632 (2016). (emphasis added). Here, Plaintiff began the administrative process on May 8, 2020 with the filing of Grievance No. 867174, prior to filing the instant action, but failed to wait for the Final Appeal Decision on November 18, 2020 and, instead, filed the instant action on October 9, 2020, prior to fully exhausting his administrative remedies regarding his claims. Thus, Plaintiff failed to exhaust administrative remedies prior bringing his federal action. See Ahmed v. Dragovich, 297 F.3d 201, 209 n.9 (3d Cir. 2002) (" 'Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit.' " (quoting Perez v. Wis. Dep't of Corr., 182 F.3d 532, 534-35 (7th Cir.1999)) (emphasis in original)); Garrett v. Wexford Health, 938 F.3d 69, 85-86 (3d Cir. 2019) (observing that substantial compliance with the PLRA's exhaustion requirement does not encompass "the filing of a suit before administrative exhaustion ..." (citing Ahmed, 297 F.3d at 209)).

8

To the extent that Plaintiff may be suggesting that under <u>Garrett</u>, the filing of his amended and supplemental complaints, which he filed after he completed exhaustion of his claims, cured his premature lawsuit, his argument is without merit. In <u>Garrett</u>, 938 F. 3d at 88, the United States Court of Appeals for the Third Circuit held that an amended or a supplemental complaint filed post-incarceration cures a former inmate's failure to exhaust administrative remedies while imprisoned so long as the amended or supplemental complaint relates back to the initial complaint. <u>Garrett</u> is distinguishable from this case, however, because there was no change in Plaintiff's custody status between the time he filed his original complaint and the time he filed his amended and supplemental complaints. Thus, when Plaintiff filed his amended and supplemental complaints, he was still subject to the PLRA's mandatory exhaustion requirement. <u>See</u> <u>Preziosi v. Nicholson</u>, 2:19-cv-1437, 2021 WL 4442840, at *18 (W.D. Pa. Sept. 28, 2021).

As such, Plaintiff presents no evidence that this Court misunderstood or misinterpreted the law as it applies to his situation. Showers' action was properly dismissed. Accordingly, this Court finds that its Memorandum and Order of March 17, 2022, is not troubled by manifest

errors of law or fact and Plaintiff has not presented anything new, which if

previously presented, might have affected our decision. Consequently, the

motion for reconsideration will be denied.

## V. <u>Conclusion</u>

For the reasons set forth above, the Court will deny Plaintiff's motion

for reconsideration.

A separate Order shall issue.

<u>*S/ Malachy E. Mannion*</u>
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 6, 2023**
20-1868-02

10